**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GABRIELLE CLARKE,

               Plaintiff,

v.

NEXT SENSATIONS, INC.,
d/b/a DAMES N' GAMES
SPORTS BARR & GRILL,

               Defendant.

Case No.                        cv

Judge

---

Ryan A. Paree (P80345)
Attorney for Plaintiff
Miller Cohen, PLC
7700 2nd Ave., Suite 335
Detroit, Michigan 48202
(313) 964-4454
rparee@millercohen.com

_____/

**COMPLAINT & JURY DEMAND**

NOW COMES Plaintiff, Gabrielle Clarke, by and through her attorneys, Miller Cohen, P.L.C. and for her complaint against Defendant Next Sensations, inc., d/b/a Dames N' Games Sport Bar & Grill states the following:

**PARTIES**

1.  Plaintiff, Gabrielle Clark, is a black woman and is currently a resident in the City of Grand Rapids, County of Kent, and State of Michigan.

2.  Defendant Dames n 'Games ("D&G" or "Defendant") is an adult entertainment club located in City of Grand Rapids, County of Kent, and State of Michigan.

1

**FORUM**

3.  This Court has original jurisdiction over Plaintiff's claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. §2000e(f).

4.  Under 28 USC 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

5.  This Court is the proper venue pursuant to 28 USC 1391(b).

**GENERAL ALLEGATIONS**

6.  Plaintiff began working for Defendant in May of 2024 as an Entertainer.

7.  On May 25, 2024, Defendant's manager, Thomas, expressed that he does not like to hire "colored girls" because they "come with too much baggage and issues."

8.  On June 10, 2024, Thomas expressed that, when hiring new people, his policy was "no more black girls."

9.  On or about December 28, 2024, Ms. Clarke and another black woman found that their tips had been stolen from backstage.

10. Thomas refused to review—or permit the women to review—the security tapes backstage, despite recently doing so for white employees in similar circumstances.

11. On the day of the theft, Ms. Clarke reached out to D&G's director, Amanda Lane, to express her concerns.

12. Ms. Clarke specifically alleged that this treatment was racially discriminatory.

13. Ms. Lane never responded to Ms. Clarke.

14. On April 20, 2025, Thomas sent a note backstage reading, "the niggers are here," referring to a party of Black men who had entered the club.

15. On May 1, 2025, Thomas told employees that they could not dance to R&B or rap music because it was "ghetto."

2

16. On May 24, 2025, Ms. Clarke sent a text message to Ms. Lane in which she expressed again that Thomas was racially discriminatory towards herself and other women of color.

17. Ms. Lane never responded to her message; however, she informed Thomas of the complaint.

18. A few hours after she sent the text message, Thomas informed Ms. Clarke that her employment was terminated and that she was banned from setting foot in any D&G location ever again.

## COUNT I

## VIOLATION OF TITLE VII-RACIAL DISCRIMINATION

19.  Plaintiff incorporates by reference all preceding paragraphs.

20. Plaintiff was an employee of Defendant as defined by Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. §2000e(f).

21. Defendant is an employer as defined by Title VII 42 U.S.C. §2000e(b).

22. Title VII prohibits racial harassment and discrimination against protected persons in the workplace and obligates employers to take certain steps to prevent such harassment and discrimination.

23. Ms. Clarke is a Black woman.

24. Plaintiff faced harassment based on race from Thomas's comments.

25. Plaintiff faced discriminatory treatment based on race from Thomas refusing to help her and another woman of color when their tips were stolen after Thomas had recently helped several white employees whose tips had been stolen.

26. Defendant and its agents were aware of the racial harassment and discrimination faced by Ms. Clarke because she had repeatedly described such treatment to the director, Ms. Lane.

27. This behavior constitutes racial discrimination under Title VII.

## COUNT II

## VIOLATION OF TITLE VII-RETALIATION

28. Plaintiff incorporates by reference all preceding paragraphs.

29.  Plaintiff was an employee of Defendant as defined by Title VII, 42 U.S.C. §2000e(f).

30. Defendant is an employer as defined by Title VII 42 U.S.C. §2000e(b).

31. Under Title VII, it shall be unlawful for an employer to discriminate against any of its employees for, inter alia, opposing "any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. §20003-3(a).

32. Ms. Clarke complained of experiencing racial discrimination at the hands of Thomas on several occasions.

33. In retaliation for her legally protected activity, Defendant retaliated against Ms. Clarke by terminating her and banning her on her birthday, mere hours after her most recent complaint.

## COUNT III

## VIOLATION OF MICHIGAN'S ELLIOT LARSEN CIVIL RIGHTS ACT (ELCRA)-

## RACIAL DISCRIMINATION

34. Plaintiff incorporates by reference all preceding paragraphs.

35. Plaintiff was an employee of Defendant as defined by Michigan's Elliot-Larsen Civil Rights Act ("Elliot-Larsen"), M.C.L. §37.2201(a).

36.  Plaintiff is a Black woman.

37. Plaintiff faced harassment based on race from Thomas's comments.

4

38. Plaintiff faced discriminatory treatment based on race from Thomas refusing to help her and another woman of color when their tips were stolen after Thomas had recently helped several white employees whose tips had been stolen.

39. Defendant and its agents were aware of the racial harassment and discrimination faced by Ms. Clarke because she had repeatedly described such treatment to the director, Ms. Lane.

40. This behavior constitutes racial discrimination under Elliot-Larsen §37.2202.

## COUNT IV

## VIOLATION OF MICHIGAN'S ELLIOT LARSEN CIVIL RIGHTS ACT (ELCRA)-

## RETALIATION

41. Plaintiff incorporates by reference all preceding paragraphs.

42. Plaintiff was an employee of Defendant as defined by Elliot-Larsen, M.C.L. §37.2201(a).

43. Ms. Clarke complained of experiencing racial discrimination at the hands of Thomas on several occasions.

44. In retaliation for her legally protected activity, Defendant retaliated against Ms. Clarke by terminating her and banning her on her birthday, mere hours after her most recent complaint.

## COUNT V

## BREACH OF CONTRACT – REFUSAL TO ARBITRATE

45. Plaintiff incorporates by reference all preceding paragraphs.

46. Plaintiff and Defendant are parties to an Arbitration Agreement. (**Exhibit 1**).

47. Pursuant to the terms of the Arbitration Agreement, Plaintiff demanded that Defendant appear for arbitration before the American Arbitration Association ("AAA").

48. Defendant failed to respond to any of Plaintiff's attempts to discuss mediation or arbitration, despite terms of the Arbitration Agreement which require them to confer in good faith to resolve Plaintiff's claims.

49. Accordingly, Defendant is in breach of the Arbitration Agreement between the Parties.

## <u>REQUEST FOR RELIEF</u>

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

A. Granting all available damages for economic injury, loss of employment benefits, emotional distress, mental anguish, humiliation, outrage, embarrassment, pain and suffering, loss of job opportunity, loss of earning capacity, exemplary and punitive damages, and other damages;

B. Ordering appropriate injunctive relief requiring Defendant to immediately implement all necessary corrective measures, such as mandatory training of all supervisory personnel and employees and an effective complaint process for harassment, to end the illegal harassment, discrimination, and retaliation described in the allegations above;

C. Granting Plaintiff's reasonable attorney's fees and costs incurred in this litigation; and

D. Granting Plaintiff all such further legal and equitable relief as this Arbitrator deems appropriate to make Plaintiff whole.

E. If the above relief is not granted, in the alternative, Plaintiff requests that Defendant be ordered to attend mediation, and subsequently arbitration if the matter remains unresolved, in compliance with the terms of the Arbitration Agreement

Respectfully Submitted,

**MILLER COHEN PLC**

*/s/ Ryan A. Paree*
Ryan A. Paree (P80345)
Miller Cohen, PLC
*Attorneys for Plaintiff*
7700 Second Ave., Suite 335
Detroit, Michigan 48202
(313) 964-4454
rparee@millercohen.com

July 31, 2026

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GABRIELLE CLARKE,

                Plaintiff,

v.

NEXT SENSATIONS, INC.,
d/b/a DAMES N' GAMES
SPORTS BARR & GRILL,

                Defendant.

Case No.                    cv

Judge

---

Ryan A. Paree (P80345)
Attorney for Plaintiff
Miller Cohen, PLC
7700 2nd Ave., Suite 335
Detroit, Michigan 48202
(313) 964-4454
rparee@millercohen.com

_____/

## DEMAND FOR TRIAL BY JURY

NOW COMES, Plaintiff, GABRIELLE CLARKE, by and through her attorneys, MILLER COHEN, P.L.C, and hereby demands a trial by jury, for all issues so triable.

[TEXT CONTINUED]

8

Respectfully Submitted,

**MILLER COHEN PLC**

*/s/ Ryan A. Paree*
Ryan A. Paree (P80345)
Miller Cohen, PLC
*Attorneys for Plaintiff*
7700 Second Ave., Suite 335
Detroit, Michigan 48202
(313) 964-4454
rparee@millercohen.com

July 31, 2026